**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation,*  <br><br>THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL 2103 <br><br> Case No. 1:09-cv-7670 <br><br> Hon. James F. Holderman |

**<u>PRELIMINARY APPROVAL ORDER</u>**

This matter having come before the Court on Plaintiffs' motion for preliminary approval of a proposed class action settlement of the above-captioned case (the "Litigation") with Defendants KFC Corporation ("KFC") and YUM! Brands, Inc. ("YUM!") (collectively, "Defendants"), set forth in the Stipulation of Class Action Settlement, as Amended, between Plaintiffs and Defendants ("Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1. Unless defined herein, all defined terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the settlement is fair and has been negotiated at arm's-length, and that its adequacy is such that the settlement falls within the range of possible final approval. The Court finds that there is probable cause to submit the material terms of the settlement to

Settlement Class members for their consideration and reaction. Therefore, the Court grants preliminary approval of the settlement.

3. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court certifies the proposed Settlement Class, consisting of all persons who (a) downloaded an Original or PDF Coupon between May 5, 2009 at 9 a.m. central time and May 6, 2009 at 11:59 p.m. central time from Oprah.com or unthinkfc.com, and (b) did not receive (i) the KGC Free Meal pursuant to the Original Coupon, the PDF Coupon, or the Raincheck Coupon, (ii) a "Chicken Check" or other compensation from KFC in response to a complaint concerning the Oprah Promotion, or (iii) a free meal or other consideration at a restaurant unaffiliated with Defendants that agreed to accept the KGC Coupons.

4. The Court finds that the Settlement Class warrants certification for settlement purposes, and that Plaintiffs James Asanuma, Daleen Brown, Christine Doering, Veronica Mora, and Kay Ready, shall be designated as Class Representatives.

5. For settlement purposes only, the Court hereby preliminarily approves the appointment of the following as Settlement Class Counsel:

>  Jay Edelson
>  Michael J. McMorrow
>  Edelson McGuire LLC
>  350 North LaSalle
>  Suite 1300
>  Chicago, IL 60654

For settlement purposes only, the Court hereby preliminarily approves the appointment of the following as Plaintiffs' Steering Committee:

>  Seth Safier
>  Adam Gutride
>  Gutride Safier, LLP

        835 Douglass Street
        San Francisco, CA 94114

        David C. Parisi
        Parisi & Havens LLP
        15233 Valleyheart Drive
        Sherman Oaks, CA 91403

        Mark H. Freedman
        Law Offices of Freedman & Freedman, PLC
        24725 West Twelve Mile Road
        Suite 220
        Southfield, MI 48034

      6.     On November 30, 2011, at 10 a.m., this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and proposed settlement, and to determine whether (a) final approval of the settlement should be granted; and (b) Settlement Class Counsel's application for attorneys' fees and expenses should be granted, and in what amount. No later than November 16, 2011 , Plaintiffs must file their papers in support of final settlement approval and in response to any objections. Defendants may (but are not required to) file papers in support of final settlement approval, so long as they do so no later than November 16, 2011. Settlement Class Counsel must file their application for attorneys' fees and expenses no later than November 16, 2011. The Fairness Hearing has been set no earlier than 100 days after Plaintiffs moved for preliminary approval of the settlement. *See* 28 U.S.C. § 1715(d).

      7.     The Court approves the proposed plan for giving notice to the Settlement Class, and all forms of Notice to the Settlement Class as set forth in the Settlement Agreement. The plan for giving notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is valid, due, and sufficient notice to all persons entitled thereto. The Court further finds that the

Notice is reasonably calculated to, under all circumstances, apprise the members of the Settlement Class of the pendency of this action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the notice plan no later than 60 days after entry of this Order, and to cause the print media publication in *Parade* to be published on September 11, 2011. The Parties shall format the Class Notice in an appropriate manner before transmission.

8.  The Court approves the request for the appointment of Rust Consulting, Inc. as Settlement Administrator.

9.  Defendants shall comply with, and file proof of compliance with, the notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, in accordance with the provisions of that statute. Notice of compliance shall be submitted to the Court no later than November 23, 2011. Any costs incurred in sending these CAFA notices shall be considered settlement administration expenses and shall be paid from the Available Amount.

10. All persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing, either online or by mail, identify the case name *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, and state the name, address, and phone number of the Settlement Class member(s) seeking exclusion. Each request must also contain a signed statement that: "I/We hereby request to be excluded from the proposed Settlement Class in the Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation." The request must

4

be submitted online or mailed to the Settlement Administrator at the address provided in the Notice and postmarked no later than October 26, 2011—forty-five (45) days after the Notice is first published. Members of the Class who submit exclusion requests online shall provide the last four digits of their social security number. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the one designated in the Notice, or that is not submitted online or postmarked within the time specified, shall be invalid and the person(s) serving such a request shall be deemed member(s) of the Settlement Class, and shall be bound as class member(s) by the Settlement. The Settlement Administrator shall promptly forward copies of all requests for exclusion to Settlement Class Counsel and counsel for Defendants.

11. Any member of the Settlement Class may comment in support of or in opposition to the Settlement; *provided, however,* that all comments and objections must be received by Settlement Class Counsel and Defendants' counsel prior to the Fairness Hearing in accordance with the notices. Comments and objections should not be filed with the Court, except through counsel. A Settlement Class member who objects to the settlement need not appear at the Fairness Hearing for his or her comment to be considered by the Court; however, all arguments, papers, briefs, and any evidence that any objector would like the Court to consider ("Objections") must be mailed to Settlement Class Counsel and Defendants' counsel, no later than October 26, 2011—forty-five (45) days after the Notice is first published. All Objections shall include the caption *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation*, No. 1:09-cv-7670, and provide:

    (a) the Settlement Class member's full name and current address;

(b) a signed declaration that he or she is a member of the Settlement Class;

(c) the specific grounds for the objection;

(d) all documents or writings that such Settlement Class member desires the Court to consider; and

(e) notice of the class member's intention to appear (if any).

12. Any member of the Settlement Class who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and forever be barred from making any such objections in this action or in any other action or proceeding. While the declaration described in subparagraph 11(b) is *prima facie* evidence that the objector is a member of the Settlement Class, Plaintiffs or Defendants or both may take discovery regarding the matter, subject to Court approval. If a Settlement Class member does not submit a written comment on the proposed settlement or the application of Plaintiffs' counsel for attorneys' fees and expenses in accordance with the deadline and procedure set forth in the Notice, and the Settlement Class member is not granted relief by the Court, the Settlement Class member will waive his or her right to be heard at the Fairness Hearing.

13. In further aid of the Court's jurisdiction to implement and enforce the Settlement, Plaintiffs and members of the Settlement Class are preliminarily enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency, or other authority or forum wherever located. Any person or entity who knowingly violates such injunction shall pay

the attorneys' fees and costs incurred by Defendants or any other Released Party or their Affiliated Parties as a result of the violation.

14. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendants. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

15. The certification of the Settlement Class shall be binding only with respect to the settlement of the Litigation. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified (including Defendants' rights to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose in this Litigation or any other action or proceeding.

16. All further proceedings in the Litigation are ordered stayed until the Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: August 16, 2011

*James F. Holderman*

The Honorable James F. Holderman
Chief Judge, United States District Court