IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation,* <br><br> THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL 2103 <br><br> Case No. 1:09-cv-7670 <br><br> Hon. James F. Holderman |

## DECLARATION OF SETH A. SAFIER REGARDING ATTORNEYS' FEES AND EXPENSES

I, **SETH A. SAFIER**, declare under penalty of perjury under the laws of the United States of America that the following facts and statements are true and correct, except as to such matters stated to be made on information and belief, and as to such matters, I certify that I believe the same to true.

1. This declaration is made in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees, and Incentive Awards in this matter.

2. I am a partner in the law firm Gutride Safier LLP ("GSLLP"). A true and accurate copy of my firm's resume is attached hereto as Exhibit 1.

3. My partner, Adam Gutride, and I are members in good standing of the bars of the State of California, the Northern and Central Districts of California, and the U.S. Court of Appeals for the Ninth Circuit. We also have been admitted to practice in this case *pro hac vice* and are attorneys of record for Plaintiffs.

4. I am familiar with (i) the claims, evidence, and legal arguments involved in this settlement, (ii) the terms of the settlement, and (iii) the relevant defenses, evidence, and legal arguments to date.

5. Throughout my involvement in this matter, I ensured that GSLLP did its part to

litigate efficiently, without undue duplication of effort among co-counsel for Plaintiffs, and at minimal expense. My firm has not received any remuneration thus far for its efforts. My firm also has advanced expenses on behalf of its clients, Plaintiffs Veronica Mora and James Asanuma.

  6. Over the course of this litigation, GSLLP provided the following legal services:

   a. On June 17, 2009, GSLLP filed a class action complaint entitled, *Asanuma, et al. v. KFC Corporation, Inc., et al.,* in Los Angeles Superior Court ("Complaint").

   b. In the Complaint, Plaintiffs alleged that, on or about May 5, 2009, Defendants, in order to gain widespread publicity for their new grilled chicken offering, announced a promotion on The Oprah Winfrey Show ("Oprah"). Defendants promised that, for 24 hours, they would give to anyone who went to the Oprah website and downloaded, printed and presented a coupon to a KFC restaurant a "free" Kentucky Grilled Chicken meal consisting of "two pieces of grilled chicken, two individual sides and a biscuit" (the "Coupon" or "Promotion"). The Promotion was so popular, Defendants announced that they would extend it for a full day and moved the downloadable Coupon to Defendants' own website: WWW.UNTHINKFC.COM ("Website"). The Promotion continued to gain widespread acceptance. In excess of 6 million Coupons were downloaded and printed. However, on or about May 7, 2009, Defendants reneged on the Promotion, limiting the Promotion to the first one hundred Coupons presented at each store during a business day, irrespective of whether or not a particular store had additional supplies on hand of Kentucky Grilled Chicken. Defendants later decided to refuse to honor the Coupons according to their original offer.

   c. Prior to drafting, filing and serving the Complaint, GSLLP spent time communicating with Plaintiffs James Asanuma and Veronica Mora (and with their counsel Craig Borison, Esq.) concerning their claims, gathering their documentation and negotiating with them

retainer agreements. GSLLP also undertook extensive pre-filing investigation, including without limitation researching, tracking and analyzing Defendants' Promotion marketing and reviewing Defendants' websites, press releases, and online documents. Throughout this litigation, GSLLP has continued to monitor, research and review such materials.

        d. Along with the Complaint, GSLLP drafted and served on Defendants a comprehensive demand letter under the California Consumers Legal Remedies Act ("CLRA"). GSLLP also researched and drafted a comprehensive electronic discovery preservation letter.

        e. Following the filing of the Complaint, GSLLP responded to a number of inquiries from the press, other attorneys around the nation and some putative class members. GSLLP also dealt with a number of administrative matters in Los Angeles Superior Court related to whether or not the case would be designated "Complex." GSLLP also responded to an order to show cause regarding service of the summons.

        f. After Defendants responded to Plaintiffs' CLRA demand letter, GSLLP reviewed the response.

        g. On or about July 17, 2009, Defendants removed the litigation to the United States District Court for the Central District of California. GSLLP reviewed Defendants' removal papers and researched the possibility of remand. Plaintiffs eventually elected not to move for remand.

        h. GSLLP then negotiated, with Defendants, the first of many stipulated extensions of time for Defendants to respond to the Complaint. On July 20, 2011, Defendants moved to stay the case pending transfer to a multidistrict proceeding ("MDL"). GSLLP researched, drafted and served an opposition to Defendants' motion to stay. GSLLP reviewed Defendants' reply memorandum and notice of recent developments and prepared for oral argument. Prior to oral argument, Judge Synder granted Defendants' motion.

3

  i. GSLLP then spent time opposing Defendants' MDL petition, including filing an opposition and strategizing with co-counsel regarding how and where best to proceed. The case was eventually transferred to this Court, and GSLLP moved to have its attorneys admitted *pro hac vice*.

  j. GSLLP then worked with co-counsel to manage and litigate this matter. For example, GSLLP reviewed drafts of and suggested changes to Plaintiff's oppositions to Defendants' motion to dismiss and to Plaintiffs' initial disclosures. GSLLP also gathered documents from Mr. Asanuma and Ms. Mora for production and prepared written responses to Defendants' discovery requests. GSLLP also reviewed Defendants' document production.

  k. This firm was involved in the settlement proceedings, in that it reviewed and commented on terms sheets, draft settlement agreements and the exhibits thereto, preliminary approval papers and now final approval papers.

  7. After engaging in all of the aforementioned tasks, GSLLP is in a position to evaluate this Settlement. In advising Mr. Asanuma and Ms. Mora whether or not to enter into the Settlement Agreement, GSLLP was cognizant of the risks involved in protracted litigation. GSLLP was also cognizant of Defendants' size and financial resources. When considering the risks and costs associated with proceeding to trial against the nature of the benefits that were being offered by Defendants, GSLLP concluded that the Settlement is in the best interests of the class. Indeed, the goals of this litigation were accomplished. The Settlement provides Settlement Class Members cash of up to $3.99 per coupon downloaded, with a maximum of $15.96 per household—i.e., up to the full value that they would have received had the coupons been honored. I believe this is an excellent settlement.

  8. Plaintiffs Asanuma and Mora are requesting an incentive award of $5,000 each, because each of them took on the risk of the possibility of bearing Defendants' costs in a losing

effort and spent a good deal of time on this litigation including without limitation reviewing documents, producing documents, responding to interrogatories, and remaining involved in the litigation prior to and after settlement.

9. In accepting this case, GSLLP bore considerable risk. From the outset, GSLLP recognized, among other things, that it would be contributing a substantial amount of time and advancing significant costs in prosecuting a nationwide class action, with no guarantee of compensation or recovery, in the hopes of prevailing against a well-funded defense. Because Defendants were represented by top litigators, there was increased risk that Plaintiffs would lose on demurrer (or a motion to dismiss), would be denied class certification or would receive a verdict for the Defense after a prolonged trial.

10. The billing rates for the attorneys at GSLLP working on this matter are $600 per hour for Adam Gutride and $575 per hour for me. These rates are the ordinary professional billing rates that my law office charges clients who initiated representation in 2010, including those that pay for legal services by the hour. (Our rates subsequently have increased by $25 per hour for new clients.)

11. Similar rates have been approved by Courts in the past and used to support fee awards. On December 24, 2009, rates of $550 for Adam Gutride and $525 for myself were approved by Judge Richard A. Kramer in *Deaton et al v. Hotwire*, Case Number CGC-05-437631 (San Francisco Super. Ct.). On August 20, 2008, rates of $525 for Mr. Gutride and $500 for myself were approved by Judge Charlotte Walter Woolard in *Nelsen v. PeoplePC*, Case Number 07-460240 (San Francisco Super. Ct.). On April 30, 2008, rates of $475 for Mr. Gutride and $450 for myself were approved by Judge Charlotte Walter Woolard in *Howard et al. v. Betz & Sons*, Case Number CGC-03-422529 (San Francisco Super. Ct.). On April 14, 2008, rates of $450 for Mr. Gutride and $425 for myself were approved by Judge Mary E. Wiss in *Cho v.*

5

*Seagate*, Case Number CGC-06-453195 (San Francisco Super. Ct.). On February 5, 2008, rates of $475 for Mr. Gutride and $450 for myself were approved in by Judge William Alsup in *Siemers v. Wells Fargo*, Case No. 3:05-cv-04518-WHA (N.D. Cal.). On November 20, 2006, rates of $450 for Mr. Gutride and $425 for myself were approved by Judge Richard A Kramer in *Vroegh v. Dane Electric et al.*, Case No. CGC-04-428953 (San Francisco Super. Ct.).

12. Adam Gutride is a 1994 graduate from Yale Law School. I am a 1998 graduate from Harvard Law School. Mr. Gutride and I were previously attorneys at the law firm of Orrick Herrington & Sutcliffe. It is my understanding that attorneys at that firm, in the litigation department, with the same number of years of experience as Mr. Gutride and myself are currently billing at hourly rates in excess of $800 for law school graduates from 1994 and 1998. I also believe the rates paid by Defendants to their firm in this case exceed the rates requested for GSLLP. I believe that my firm's hourly rates are below market for Bay Area attorneys with similar backgrounds and experience.

13. As reflected in the chart below (segregating time by attorney) as of November 8, 2011, the total number of attorney hours spent on this matter by my firm is 118.

| Attorney (Position) | Hours | Rate | Total |
|---|---|---|---|
| Adam J. Gutride | 63.45 | $600.00 | $38,070 |
| Seth A. Safier | 54.55 | $575.00 | $31,366 |
| **TOTAL** | 118.00 | | $69,436 |

14. The total lodestar amount for attorney time based on my law office's 2010 rates was $69,436 as of November 8, 2011.

15. Expenses are accounted for and billed separately and are not duplicated in my professional billing rate. GSLLP has not received reimbursement for expenses incurred in

6

connection with this litigation. As of November 8, 2011, my firm advanced a total of $1082.24 in unreimbursed actual third-party expenses in connection with the prosecution of these cases. The actual expenses incurred in the prosecution of these cases are reflected on the computerized accounting records of my firm prepared by bookkeeping staff, based on receipts and check records and accurately reflect all actual expenses incurred. The expenses incurred are as follows:

| Expense | Amount |
|---|---|
| Filing Fees | $450.00 |
| Postage/Delivery/Service | $467.59 |
| Meals/Travel | $66.25 |
| Reproductions/Fax/Phone | $98.40 |
| **TOTAL** | **$1082.24** |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of November 2011.

_____
Seth A. Safier

# EXHIBIT 1

# EXHIBIT 1

# GUTRIDE SAFIER LLP

Gutride Safier LLP represents investors, consumers and employees in a wide-array of class action litigation throughout the country. The attorneys of Gutride Safier LLP are skilled litigators with years of experience at all levels of federal and state court. Gutride Safier LLP is based in San Francisco.

Gutride Safier LLP has been appointed class counsel to represent consumers, employees and investors in the following recent cases:

- *Chavez v. Blue Sky Natural Beverage Co., et al.*, 3:06-cv-06609-JSW (N.D. Cal.) for violation of California's consumer protection laws;

- *Deaton v. Hotwire, Inc.*, CGC-05-437631 (San Francisco Superior Court) for violation of California's consumer protection laws;

- *Nelson v. PeoplePC*, Inc., CGC-07-460240 (San Francisco Superior Court) for violation of California's consumer protection laws;

- *Mancini v. Ticketmaster et al.,* 2:07-cv-01459-DSF-JTL (C.D. Cal.), for violation of the federal Electronic Funds Transfer Act

- *Siemers v. Wells Fargo & Co. et al.*, C-05-4518 WHA (N.D. Cal.) for violation of §12(a)(2) of the Securities Act of 1933 and §10(b) of the Securities Exchange Act of 1934;

- *Cho v. Seagate Technology (US) Holdings, Inc.*, CGC-06-453195 (San Francisco Superior Court) for violation of California's consumer protection laws;

- *Vroegh v. Eastman Kodak Co. et al.*, CGC-04-428953 (San Francisco Superior Court) for violation of California's consumer protection laws; and

- *Chavez v. Netflix, Inc.*, CGC-04-434884 (San Francisco Superior Court) for violation of California's consumer protection laws.

- *Haven v Betz & Sons,* CGC-05-438719 (San Francisco Superior Court) for violation of California's wage and hour laws.

- *Safier v Western Digital,* Case No. 3:05-cv-03353-BZ (N.D. Cal), for violation of California's consumer protection laws

### The Lawyers of Gutride Safier LLP

### Adam J. Gutride

Mr. Gutride is a founding partner of Gutride Safier LLP and has served as co-lead counsel in each of the cases listed above. Previously, Mr. Gutride litigated at the San Francisco based law firm of Orrick Herrington & Sutcliffe. In his past endeavors, Mr. Gutride represented the

1

governor of California before the California Supreme Court, handled a nationwide securities class action against Merrill Lynch and tried an insurance case that led to a $900 million settlement. Mr. Gutride also has served as an Instructor in Legal Research and Writing at the Hastings Law School of the University of California.

Mr. Gutride is a member of the state bar of California and several federal courts. Mr. Gutride received his juris doctorate from Yale Law School and his bachelor of arts degree from the University of Chicago.

**Seth A. Safier**

Mr. Gutride is a founding partner of Gutride Safier LLP and has served as co-lead counsel in each of the cases listed above. Prior to founding Gutride Safier LLP with Mr. Gutride, Mr. Safier was general counsel at an internet company and also worked as a litigator at Orrick Herrington & Sutcliffe. In past endeavors, Mr. Safier represented Lucas Films is a case concerning on-line piracy. Mr. Safier also has served as an Instructor of Legal Research and Writing at the Hastings Law School of the University of California.

Mr. Safier is a member of the California State Bar and numerous federal courts. Mr. Safier received his juris doctorate from Harvard Law School and his bachelor of arts degree from Brandeis University.

**Lee Jay Kuo**

Mr. Kuo is of counsel to Gutride Safier LLP. Prior to working with Gutride Safier LLP, Mr. Kuo conducted complex litigation for more than seven years at two prestigious San Francisco firms: Howard Rice Nemerovski Canady Falk & Rabkin, and Keker & Van Nest. Mr. Kuo is also an accomplished composer and librettist.

Mr. Kuo is a member of the California State Bar and numerous federal courts. He received his juris doctorate from the University of California Berkeley, Boalt Hall School of Law, where he was Managing Editor of the Asian Law Review and Associate Editor of the California Law Review. He received his bachelor of arts from Stanford University.

**Todd Kennedy**

Mr. Kennedy is associate counsel to Gutride Safier LLP. Prior to working with Gutride Safier LLP, Mr. Kennedy conducted complex litigation for Quinn Emanuel Urquhart & Sullivan, LLP. At Quinn, Todd successfully litigated some of the world's largest patent cases, for both plaintiffs and defendants. He helped achieve complete defense jury verdicts for Google in the company's only two patent trials—both of which were in the Eastern District of Texas, the favored venue for plaintiffs. On the plaintiffs' side, Mr. Kennedy successfully represented Sony Electronics in enforcing ten digital television patents in a series of lawsuits spanning five jurisdictions.

Todd clerked for one year on the Eight Circuit U.S. Court of Appeals, and two years on the U.S. District Court for the Western District of Missouri.

Mr. Kennedy is a member of the California State Bar and numerous federal courts. He received his juris doctorate from the Yale Law School. He received his bachelor of arts from University of Missouri.

**Kristen G. Simplicio**

Ms. Simplicio is associate counsel to Gutride Safier LLP. Prior to working with Gutride Safier LLP, Ms. Simplicio was employed by the United States Department of Labor as an ERISA specialist, and she provided contract legal services to the Cooley Godward firm in San Francisco.

Ms. Simplicio is a member of the California State Bar as well as the bar of the District of Columbia. She received her juris doctorate from American University, Washington College of Law, in 2007. She received her Bachelor of Commerce degree from McGill University.