IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation,* <br><br> THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL 2103 <br><br> Case No. 1:09-cv-07670 <br><br> Hon. James F. Holderman |

## DECLARATION OF DAVID C. PARISI REGARDING ATTORNEYS' FEES AND EXPENSES

I, David C. Parisi, the undersigned, being competent to testify, swear under penalty of perjury as provided by 28 U.S.C. § 1746 that the following facts and statements are true and correct, except as to such matters stated to be made on information and belief, and as to such matters, I certify that I believe the same to true:

1. I am an attorney at law and a partner in the law firm Parisi & Havens LLP. I am the attorney primarily responsible for the handling of this litigation on behalf of Parisi & Havens LLP. This declaration is made in support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Attorneys' Fees, and Incentive Awards in this matter.

2. I have been practicing law since passing the California State bar in 1992. The principals of Parisi & Havens LLP are Suzanne Havens Beckman and myself. Together, over the last ten years, we have successfully litigated numerous complex class actions and insurance coverage cases on behalf of plaintiffs. We have been lead counsel for plaintiffs in lawsuits which, combined, have settled for in excess of $200,000,000.00 payments to our clients. I have been practicing law for approximately 19 years, Ms. Havens Beckman for approximately 15

1

years, and Ms. Moradmand for approximately 3 years. A true and accurate copy of my firm resume is attached hereto as Exhibit 1.

    3.    I am familiar with (i) the claims, evidence, and legal arguments involved in this settlement, (ii) the terms of the settlement, and (iii) the relevant defenses, evidence, and legal arguments to date.

    4.    Throughout my firm's involvement in this action, we did our part to ensure that the tasks necessary to prosecute the case were allocated among counsel in our firm and outside of our firm appropriately and were conducted efficiently, without undue duplication of effort, and at minimal expense. We worked very efficiently with our co-counsel and complemented each other's work and skill-set. Not being paid by the hour, we had an incentive to conduct our efforts efficiently. So too, being responsible for advancing all expenses, we had an incentive not to expend funds unnecessarily.

    5.    The attorneys at Parisi & Havens LLP record their time contemporaneously with the work performed. As reflected in the chart below (segregating time by attorney) as of November 4, 2011, the total number of attorney hours spent on this matter by my firm is 29.5 and our total loadstar is $13,261.00. The lodestar figure is based on the ordinary professional billing rate that my law office charges clients, including those that pay for legal services by the hour. Expenses are accounted for and billed separately and are not duplicated in our professional billing rate. None of this time was spent preparing this fee declaration or addressing the attorney fee application. This time breaks down as follows:

| **Attorney** | **Hours** | **Rate** | **Total** |
|---|---|---|---|
| David C. Parisi | 18.3 | $510.00 | $9,333.00 |
| Suzanne Havens Beckman | 4.7 | $490.00 | $2,303.00 |
| Azita Moradmand | 6.5 | $250.00 | $1,625.00 |
| **Totals** | **29.5** | | **$13,261.00** |

6. As of November 4, 2011, my firm advanced a total of $1,002.49 in unreimbursed actual third-party expenses in connection with the prosecution of these cases. The actual expenses incurred in the prosecution of these cases are reflected on the computerized accounting records of my firm. Those accounting records are prepared by bookkeeping staff based on receipts and check records and accurately reflect all actual expenses incurred.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of November 2011.

David C. Parisi

# Exhibit 1

(November 2011)

# The Law Firm

**Parisi & Havens LLP** is a dynamic law firm that prides itself in meeting the varying needs of our clients. Our firm is committed to providing each of our clients with the highest quality legal representation and achieving the most successful resolution of their cases possible. We primarily represent individuals and businesses in complex class actions as well as insurance coverage and insurance bad faith disputes. The firm counts as its clients several banks, a Fortune 500 Company and numerous consumers. In each area in which we practice, the firm and its partners have built a reputation in the community for representing clients with strength and integrity.

# The Attorneys

**David C. Parisi**

Mr. Parisi represents consumers in class action lawsuits. He also represents consumers and businesses in conflicts with their insurance carriers. His consumer class actions range from lawsuits against companies which fail to honor rebates to insurance and privacy class actions. Most of his consumer class action lawsuits arise from companies which are untruthful in their advertising. In his career, Mr. Parisi has also addressed and resolved numerous insurance issues for businesses and homeowners, such as the application of complex exclusions in directors and officers liability insurance policies, the scope of business liability insurance policies, the degree to which insurance carriers may dictate the defense strategy of their insureds, whether insurance carriers can force insureds to participate in a costly appraisal process, as well as various automobile and homeowners policy interpretation issues.

Mr. Parisi has served in a leadership role or was co-lead counsel in the following complex lawsuits and class actions:

> *In re Farmers Northridge Earthquake Commercial Litigation* and *In re Farmers Northridge Earthquake Commercial Litigation No. II*, two groups of consolidated and related complex lawsuits. Mr. Parisi's clients' had over 169 claims in this litigation and resolved their disputes for in excess of $191 million.
>
> *Mendel v. Sirius Satellite Radio, Inc., et al.*, a consumer class action valued at just over $1 million in which every consumer was awarded 100 percent reimbursement.

LAW FIRM RESUME                                        Parisi & Havens LLP
                                                                Page 2 of 5

(November 2011)

*August v. Sony Pictures Home Entertainment, Inc., et al.*, a consumer action which resulted in both Sony Pictures and Netflix, Inc. changing their practices with respect to all consumers nationwide.

*Eren v. Topa Insurance Company, Inc., et al.*, an insurance action which resulted in Topa changing its practices with respect to denying particular types of insurance claims and reimbursing affected insureds in State of California.

*Simonian v. Farmers Group, Inc., et al.*, an insurance class action which resolved with insureds receiving 100 percent reimbursement of approximately $9 million withheld by the insurer, and which resulted in a change in the claims practice of the insurer.

*McGuire v. Farmers Group, Inc., et al.*, an insurance class action which challenged Farmers' practice of overinsuring property, thereby artificially inflating policy limits and artificially inflating policy premiums.  The case was settled with Farmers agreeing to change its practices.

*In re ATI HDCP Litigation*, a consumer class action which sought compensation for persons who purchased video graphics cards which were advertised as being able to process video pursuant to the HDCP protocol.  The case settled with a value of $11.5 million and all persons who made claims were given the opportunity to receive a new, more functional, graphics cards.

*Williams, et al. v. Motricity, Inc. et al*, Case No. 09 CH 19089 (Cook County, Illinois), a class action alleging the imposition of unauthorized mobile content charges which settled for $9 million.

*Valdez-Marquez, et al. v. Netflix, Inc.*, Case No. 5:09-cv-05903 (N.D. Calif.), a class action involving the privacy consequences of the release of allegedly anonymized records from a customer database which resolved with changes in defendant's practices.

*Walker, et al. v. Openmarket, Inc., et al.*, Case No. 08 CH 40592 (Cook County, Illinois, a class action alleging the wrongful imposition of unauthorized mobile content charges.

(November 2011)

> *Slater v. Tagged, Inc.*, Case No. 3:09-cv-3697 (N.D. Cal. 2010), a data privacy class action involving a social network's website and the acquisition of consumer's email address books.

Mr. Parisi's published appellate opinions, where he represented the insured or amici, include *Fireman's Fund Ins. Companies v. Younesi* (1996) 48 Cal.App.4th 451; *Doheny West Homeowners' Ass'n v. American Guarantee & Liability Ins. Co.* (1997) 60 Cal.App.4th 400; *Truck Insurance Exchange v. Superior Court* (1998) 67 Cal.App.4th 142; *Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112; *Kids' Universe v. In2Labs* (2002) 95 Cal.App.4th 870; *21st Century Ins. Co. v. Superior Court (Schwartz)* (2005) 127 Cal.App.4th 1351; and *Doheny Park Terrace Homeowners Ass'n, Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076.

Mr. Parisi has taught attorneys about insurance bad faith and is often called upon by insurance professionals for advice on complex insurance coverage issues. Mr. Parisi is a member of the Consumer Attorneys of California, the Consumer Attorneys Association of Los Angeles, Trial Lawyers for Public Justice, the American Trial Lawyers Association and the Los Angeles County Bar Association. He is admitted to the State Bar of

California as well as the U.S. District Court for the Northern, Southern, Eastern and Central Districts of California.

As a consumer advocate, Mr. Parisi gives a great deal of his time to assist various consumer-related insurance organizations. Mr. Parisi is a 1992 graduate of the Boston University School of Law.

**Suzanne Havens Beckman**

Ms. Havens Beckman's practice is primarily focused on insurance bad faith litigation on behalf of California policyholders as well as class action litigation on behalf of consumers. Ms. Havens Beckman has represented insureds and resolved hundreds of lawsuits dealing with a wide variety of complex insurance bad faith issues: from director and officer liability disputes; to duty to defend liability; to the more typical homeowners insurance issues, including the water loss exclusion, the code upgrade exclusion, coverage for damage caused by mold, and the appraisal clause. Ms. Havens Beckman's clients range from individuals to small businesses and large corporations. Ms. Havens Beckman also has significant experience in general civil litigation.

LAW FIRM RESUME                                              Parisi & Havens LLP
                                                                      Page 4 of 5

(November 2011)

Ms. Havens Beckman has served in a leadership role or was co-lead counsel in the following complex lawsuits and class actions:

> *In re Farmers Northridge Earthquake Commercial Litigation* and *In re Farmers Northridge Earthquake Commercial Litigation No. II*, two groups of consolidated and related complex lawsuits. Ms. Havens' Beckman's clients had over 60 claims in this litigation and resolved their disputes for in excess of $40 million.
>
> *Mendel v. Sirius Satellite Radio, Inc., et al.*, a consumer class action valued at just over $1 million in which every consumer was awarded 100 percent reimbursement.
>
> *August v. Sony Pictures Home Entertainment, Inc., et al.*, a consumer action which resulted in both Sony Pictures and Netflix, Inc. changing their practices with respect to all consumers nationwide.
>
> *Eren v. Topa Insurance Company, Inc., et al.*, an insurance action which resulted in Topa changing its practices with respect to denying particular types of insurance claims and reimbursing affected insureds in State of California.
>
> *Marootian v. New York Life Ins. Co., et al.*, a class action which involved claims stemming from the Armenian Genocide of 1915 which involved complex issues of International Jurisdiction.
>
> *In re ATI HDCP Litigation*, a consumer class action which sought compensation for persons who purchased video graphics cards which were advertised as being able to process video pursuant to the HDCP protocol. The case settled with a value of $11.5 million and all persons who made claims were given the opportunity to receive a new, more functional, graphics cards.

In addition to her litigation and claims analysis experience, Ms. Havens Beckman has been successful at the appellate level. In recognition of her efforts to confirm the constitutionality of Code of Civil Procedure section 340.9, Ms. Havens Beckman received the Consumer Attorneys of California 2001 Presidential Award of Merit. Ms. Havens Beckman's published opinions include *Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112; *20th Century Ins. Co. v. Superior Court (Ahles)* (2001) 90 Cal.App.4th 1237; *Bialo v. Western Mutual Insurance Company* (2002) 95 Cal.App.4th 68; *Migliore v. Mid-Century Insurance Company* (2002) 97 Cal.App.4th 592; *E.M.M.I. Inc. v. Zurich American Insurance Company* (2004) 32 Cal.4th 465; *21st Century Ins. Co. v. Superior Court (Schwartz)* (2005) 127 Cal.App.4th 1351; and *Doheny Park Terrace Homeowners*

*Ass'n, Inc. v. Truck Ins. Exchange* (2005) 132 Cal.App.4th 1076.

Ms. Havens Beckman is often called upon by other attorneys and insurance professionals for her advice in responding to insurance company denials of claims and has lectured on various insurance litigation topics.

Ms. Havens Beckman received her J.D. from the University of Southern California Law School in 1996. She is a member of the Consumer Attorneys Association of Los Angeles and Trial Lawyers for Public Justice. Ms. Havens Beckman is admitted to the State Bar of California as well as the U.S. District Court for the Northern, Southern, Eastern and Central Districts of California.

Ms. Havens Beckman devotes her free time to causes that she cares about, including volunteering her time to local environmental and hospice organizations.

**Azita Moradmand**

Azita Moradmand is an associate at Parisi & Havens LLP. Ms. Moradmand focuses her practice on a wide range of class action issues.

Ms. Moradmand received her J.D. from the University of California, Los Angeles School of Law in 2008. While in law school, Ms. Moradmand served as an Articles Editor for the Women's Law Journal, as well as a Managing Editor for the Journal of Environmental Law and Policy. She received her bachelor's degree with honors from the University of California, Irvine, in 2002.

Ms. Moradmand is a member of the State Bar of California and is admitted to practice in the United States District Courts for the Central, Eastern and Northern Districts of California.