IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation,*<br><br>THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL 2103<br><br>Case No. 1:09-cv-7670<br><br>Hon. James F. Holderman |

### DECLARATION OF JAY EDELSON

Pursuant to 28 U.S.C. § 1746, I, Jay Edelson, hereby declare and state as follows:

1. I am an attorney admitted to practice in the State of Illinois and in the United States District Court for the Northern District of Illinois, and other federal district courts. I am entering this declaration in support of Plaintiff's Motion & Memorandum for Final Approval of Class Action Settlement, Approval of Attorneys' Fees and Incentive Award. I am fully competent to make this declaration. This declaration is based upon my personal knowledge, except where expressly noted otherwise.

2. I am the managing partner of the law firm of Edelson McGuire LLC and have been named Class Counsel in this matter, along with Michael J. McMorrow, another partner in my firm.

3. On Wednesday, October 26, 2011, I spoke by telephone briefly with Sam P. Cannata, the attorney for the objector Jill K. Cannata in this case. During the call, I asked Mr. Cannata if Edward Cochran was involved in the case. Mr. Cochran is a professional objector who has objected to settlements reached by my firm in the past, and has been known to work with Mr. Cannata in bringing objections to class action settlements, then requesting fees as a result of their objections. *See, e.g., Gemelas v. Dannon Co., Inc.*, No. 08-00236, Dkt. 77 (N.D.

Ohio, July 15, 2010) (request for attorney fees for, *inter alia*, Cochran, Cannata, and Edward Siegel); *In re Vytorin/Zetia Mktg. Sales Practices*, No. 08-285, MDL No. 1938 (D. N.J. Jan. 29, 2010) (withdrawing objection after agreement to pay $55,000 from class counsel's expenses to, *inter alia*, Cochran, Cannata, and Siegel). During our conversation, Mr. Cannata stated that Mr. Cochran is not officially involved in this objection at this point, but may become involved later.

4. The following day, October 27, 2011, I spoke again with Mr. Cannata by phone. Also on the call with me was Brad Baglien of my firm, who was attending a mediation with me in Florida. During the call, Mr. Cannata explained to me that he has been on "these types of calls" with attorneys in other class actions to which he has objected, and Mr. Cannata was very concerned that he might say something that "could be used against him in court."

5. During our conversation, Mr. Cannata confirmed that he has "an association with" Edward Cochran, and said that, although Mr. Cochran "is not involved yet," if he "has to appeal" he may "consult" Mr. Cochran. In my experience, including my experience with Mr. Cochran, the threat of appealing the final approval (and the overruling of the objection) is "code" used by professional objectors to signal that, if they are not paid off by class counsel, they will attempt to delay the settlement. Mr. Cochran used similar code words when he attempted to extort my firm in a settlement earlier this year. *Thurman, et. al v. CyberDefender Corporation,* Case No. 11 CH 16779 (Cook Co., Ill. 2011). Mr. Cochran originally filed that objection through a different attorney, as well. After Plaintiff's counsel pointed out to Mr. Cochran his long history of attempting to hold up class settlements and advising him that Plaintiff's counsel would not pay him under any circumstances, Mr. Cochran withdrew his objection.

6. During our October 27 conversation, Mr. Cannata repeatedly said that he did not think the settlement was fair, but he articulated only two, contradictory, reasons why he thought this: (a) he said he was convinced that class members would not receive the full amount of their claims; and (b) he said that the left-over funds were going to unworthy *cy pres* recipients. These points are directly contradictory; the only way that class members will have their recoveries reduced on a *pro rata* basis is if the Available Settlement Funds are exhausted by the number of

claims. Mr. Cannata responded that he had "not fully studied the settlement" and that "the Judge will just have to decide the fairness" of these questions.

7. I pointed out to Mr. Cochran that his law firm's website - www.cannataphillipslaw.com - is misleading in representing that Mr. Cannata has 16 years of legal experience. Mr. Cannata later called me back to say that there was "an extra 1" there, and asked me to note that he corrected this upon notification. I informed Mr. Cannata that he was notified of this discrepancy in a court action several months ago, and he feigned ignorance.[1] As of today's date, Mr. Cannata has not corrected this misstatement on the Cannata Phillips website.

8. I also asked Mr. Cannata whether there was, in fact, a Law Offices of Sam P. Cannata, the letterhead of which he used in filing his objection, or whether it was invented. Mr. Cannata did not deny that he invented this firm or that it is nonexistent. I explained on the phone that we believe the real reason for Mr. Cannata's use of this non-existent "firm" and its letterhead is to protect his real firm – Cannata Phillips – from any liability for ill-conceived actions. I believe that Mr. Cannata's use of a fake firm and letterhead is compelling proof that his actions in this objection are not in good faith, and I explained as much to Mr. Cannata over the phone. Mr. Cannata was unable to give any explanation for why he did this.

9. Mr. Cannata responded to our phone call with an email on Friday, October 28, 2011. A true and correct copy of the email Mr. Cannata sent me is attached hereto as Exhibit 1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 16th day of November, 2011.

                                              /s/ Jay Edelson
                                              Jay Edelson

---

[1] This same discrepancy was mentioned several months ago by class counsel in response to Mr. Cannata's objection in *In re Quantcast Advertising Cookie Litigation*, No. 10-cv-05484, Dkt. 78, at 7, fn.4 (May 31, 2011) ("Troublingly, although Mr. Cannata's firm website … describes him as having 'over 16 years of experience handling various legal matters,' it appears he has only been an admitted attorney since 2005.") (*citing In re Administrative Actions Dated April 30, 2004*, 807 N.E.2d 929 (Ohio 2004)).



Jay Edelson <jedelson@edelson.com>

# In re Kentucky Grilled Chicken Coupon Marketing and Sales Litigation, No. 09-7670 (N.D. Ill.)

5 messages

---

**Jay Edelson <jedelson@edelson.com>**                          Wed, Oct 26, 2011 at 1:45 PM
To: samcannata@cannataphillipslaw.com
Bcc: "Michael J. McMorrow" <mjmcmorrow@edelson.com>

Sam,

Thank you for the quick call today regarding your objection in the above-referenced case and for letting me know that, although Mr. Cochran is not officially involved at this point, he may get involved later. As I mentioned, I will try to give you a call later today or tomorrow to discuss this further.

Jay
--

Jay Edelson | Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
1.312.589.6375 (direct) | 1.312.589.6370 (firm) | 1.312.589.6378 (fax)
jedelson@edelson.com | www.edelson.com

Please consider the environment before printing this e-mail

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of Edelson McGuire, LLC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify Edelson McGuire, LLC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

---

**samcannata@cannataphillipslaw.com**                          Wed, Oct 26, 2011 at 2:06 PM
<samcannata@cannataphillipslaw.com>
To: Jay Edelson <jedelson@edelson.com>

Jay, I'll look for your call. Also email me if you want to coordinate a time to talk. Thanks,

SAM P. CANNATA, Esq.

CANNATA PHILLIPS LPA, LLC
9555 Vista Way
Suite 200

Cleveland, Ohio 44125

216/438-5091 Office
216/214-0796 Cell

-------- Original Message --------
Subject: In re Kentucky Grilled Chicken Coupon Marketing and Sales Litigation, No. 09-7670 (N.D. Ill.)
From: Jay Edelson <jedelson@edelson.com>
Date: Wed, October 26, 2011 2:45 pm
To: samcannata@cannataphillipslaw.com
[Quoted text hidden]

---

**samcannata@cannataphillipslaw.com** <samcannata@cannataphillipslaw.com>  
To: Jay Edelson <jedelson@edelson.com>

Fri, Oct 28, 2011 at 11:15 AM

Jay,

Thanks for discussing this matter with me yesterday.

I corrected the information posted on my website yesterday promptly after our telephone conversation. Specifically, I correctly changed the "16 years" experience to "6 years" experience. There was an inadvertent "1" in the body of the text. Thank you for pointing that out.

With regard to Mr. Cochran, for the record, I have not discussed this matter with Mr. Cochran and he is not involved in this case. In know Mr. Cochran and consult with him and other attorneys from time to time. However, as of today, neither Mr. Cochran nor any other attorney is involved in this matter, and I have no intention of seeking his or any other attorney's involvement at this time. Notwithstanding, in the event I involve another attorney, I will give you and the Court adequate notice. Please refrain from alleging that Mr. Cochran or any other attorney is involved in this matter, in any way, and stop threatening disciplinary action for wrong doing when you simply do not have any facts to support your allegations.

In addition, you asked me various and specific questions about the Settlement and the Objections I put forth. Unfortunately, I was away from my file and did not have my documents with me. It was apparent that you were trying to "gleam" from my answers selective information, that may allow you to "twist" what I was saying, in an effort to find contradiction in the written Objection (Document No. 104). I was not able to answer your question with accuracy and specificity. As such nothing in our conversation should be construed as contradicting the written (Objection Document No. 104). I consider your

attempts to misconstrue my answers over a cell phone a lack of good faith dealing and unethical; especially since you indicated that you were going to convey your ill-conceived interpretations to the Court at the end of our telephone conversation.

Finally, while I do not have a problem discussing this matter with you, please do not conceal, like you did on our telephone conversation yesterday, the fact that you had me on speaker phone with other attorney(s) who were recording our conversation and taking notes. You made me aware that the other attorney, Brad Baglien (spelling?), was present, taking notes about 20 minutes into our conversation. I consider that a lack of good faith dealing, surreptitious and unethical as well.

Nonetheless, feel free to contact me if you would like to discuss this matter further.

Thank you,

SAM P. CANNATA, Esq.
[Quoted text hidden]
[Quoted text hidden]

Edelson McGuire Case: 1:09-cv-07670 Document #: 108-13 Filed: 11/16/11 Page 7 of 7 PageID #:1690 ...865d80&view...