**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation,** | ) ) ) | **MDL 2103** |
| | ) ) | **Case No. 1:09-cv-7670** |
| **THIS DOCUMENT RELATES TO ALL CLASS ACTIONS** | ) ) ) ) | **Hon. James F. Holderman** |

**SUPPLEMENTAL OBJECTIONS PURSUANT TO PLAINTIFFS' MOTION & MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES AND INCENTIVE AWARD**

Sam P. Cannata
CANNATA PHILLIPS LPA, LLC
9555 Vista Way, Ste. 200
Cleveland, Ohio 44125
Tel: (216) 438-5091
Fax: (216) 587-0999
samcannata@cannataphillipslaw.com

Attorney for the Objector

Class Counsels' initial gratuitous *ad hominem* attacks on a Class Member's legitimate objections to the class action settlement and labeling her attorney as a "professional objector" are unnecessary. A Class Member, who follows the protocols set forth in the Settlement Agreement and the Notice, cannot be penalized because of the presence of their counsel in other unrelated cases. See the Seventh Circuit's Opinion in *Vollmer v. Selden 350* F. 3d 656 (7th Cir. 2003). What occurred in other cases has no bearing on the facts and issues in the case at bar.

Furthermore Class Counsels' allegations regarding the Objector's Counsel's use of a "fake law firm" and the firm's website mistake are improper, vexatious, and made in bad faith; especially since it was fully explained and discussed in a telephone conversation which occurred October 27, 2011.

On a substantive level, Class Counsel filed their request for Attorneys' Fees. The requested fees represent over 42% of the common benefit provided to the class and should be found unreasonable by the Court.

Essentially, Class Counsel believes that it should receive a large commission on the costs of administration and notice. However, that does not make sense from an economic standpoint. Attorneys' fees should be based only on the actual benefits that Class Counsel has obtained for the class.

As a matter of law, post settlement notice is carried out solely for the benefit of the Defendants, not the class. Hence, it should not be counted as a benefit to the class. In fact counting the notice and settlement administration as a class benefit for the purposes of evaluating the settlement contradicts the Class Action Fairness Act. Moreover, awarding attorneys' fees regardless of whether settlement money is paid to settlement administrators, to the postal service, or to the class members who are the attorneys' actual

presumed clients creates poor incentives that contradict the purpose behind the Seventh Circuit's "percentage of recovery" fee approach.

The primary consideration that the defendants receive for settling a class action is a waiver of all claims by class members. Therefore it is essential that defendants ensure that class wide notice is implemented properly and meets constitutional requirements. Without proper notice, a class member may "later claim he did not receive adequate notice and therefore should not be bound by the settlement" and "he can litigate that issue on an individual basis when the settlement is raised as a bar to a lawsuit he has brought". *Torrisi v. Tucson Electric Power Company*, 8 F.3d 1370, 1375 (9th Cir. 1993). *See also Kealoha v. Castle*, 210 U.S. 149, 155 (1908) (holding that there can be no *res judicata* without notice); *In re Diet Drugs Products Liability Litigation*, 385 F.3d 3865, 396 (3rd Cir. 2004) (standing for "a collateral attack on the order approving the Settlement" for claims of inadequate notice). Notice benefits defendants when it creates "claim preclusion" that would otherwise exist. Therefore, the expense of class notice should not be forced through as a benefit to class members by Class Counsel and Defendants.

Basically, if the Court unquestionably accepts the position that notice benefits the class, the act of settlement could, in and of itself, be considered as adequate "consideration" even when class members get nothing in exchange for waiving their rights and merely receiving a notice in the mail that a class action settlement occurred. Furthermore, under Class Counsel's illogical line of reasoning, it is conceivable that in some class action settlements the defendants would be entitled to repayment for the cost of notice from the class members. Such a settlement is, as a rule, prohibited by 28 U.S.C. §1713 which does not allow settlements that create a loss to class members. Nonetheless, if the Court accepts the plan that $357,000.00 of administrative costs is equal to

3

$357,000.00 in benefit to the class and Class Counsel takes their hefty 33% or $117,810.00, then the actual benefit to the class members is whittled to a nominal amount of $678,000.00 to be divided amongst the millions of potential claimants. Since such a result is unjust and does not comport with the Class Action Fairness Act, this suggests that counting notice and administrative costs as a class benefit is generally unacceptable and unfair. The Seventh Circuit noted recently that the costs of notice and settlement administration are not so much a benefit to the class as a social cost that is a factor that weighs against the decision to certify a class. They reasoned that class representatives are only satisfying Rule 23(a)(4) adequacy if the potential class settlement is providing actual benefits to the class net of the social costs of class action notice and administration. *In re Aqua Dots Products Liability Litigation*, F.3d, 2011 U.S. App. LEXIS 17039 (7th Cir. Aug. 16, 2011) (Easterbrook, J.).

The commission that Class Counsel is seeking for administrative expenses is unjust and unfair, as well. Effectively, as part of their cut of the settlement proceeds, Class Counsel is expecting a large amount derived from the administrative costs associated with the settlement fund. The money going to the Claims Administrator is going to a third party, not the class and should not be considered part of the common fund for purposes of calculating the Class Counsels' fee award.

In fact, there is a conflict of interest between Class Counsel and the Class Members they represent under the proposed scheme. Each dollar the settlement administrator receives is a dollar class members do not receive. If the attorney fees are paid just on what the class members receive, Class Counsel will have incentive to make certain that the administration of the settlement and notice is efficient and not wasteful. However, if Class Counsel is given a commission based on the size of the administrative

4

expenses, they have no financial incentive to monitor the administrator, which creates a troubling structure of compensation that puts a damper on allocating more of the settlement fund to the class members.

Class Counsel may request a percentage of what the Class receives; but, it should not be rewarded for the costs the defendant pays the post office and the settlement administrator any more than it should be rewarded for amounts YUM! Brands, Inc. and KFC Corporation pay their counsel. In a nutshell, Class Counsel should only be requesting a percentage of the money the Class actually receives. The "key consideration in determining a fee award is reasonableness in light of the benefit actually conferred". *In re HP Printer Litigation,* No.5:05-cv-3580 JF, 2011 WL 1158635, at *10 (N.D. Cal. Mar. 29, 2011) (quoting *Create-A-Card Inc. v. Intuit, Inc.,* No. C07-06452 WHA, 2009 WL 3073920, at *3 (N.D. Cal. Sept. 22, 2009)). "'[N]umerous courts have concluded that the amount of the benefit conferred logically is the appropriate benchmark against which a reasonable common fund fee charge should be assessed.'" *In re Prudential Insurance Company America Sales Practices Litigation*, 148 F.3d. 283, 338 (3rd Cir. 1998) (quoting Conte, 1 *Attorney Fee Awards* § 2.05, at 37). "In determining the appropriate amounts of attorneys' fees to be paid to class counsel, the principal consideration is the success achieved by the plaintiffs under the terms of the settlement." *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F.Supp.2d. 561, 579 (E.D. Pa. 2001). *See also* American Law Institute, *Principles of the Law of the Aggregate Litigation* § 3.13. Fundamentally, Class counsel is entitled to request a share of the benefits it brings to the Class; however, its demand for a share of the expenses that benefit other parties in the action is not reasonable or appropriate.

Costs of administration and notice that raid, and reduce in size, the total funds available for class compensation are necessary. On the other hand, it is not reasonable to give Class Counsel a commission on those expenses.

The district courts should be able to act as a check on excessive settlement administration expenses through judicial review. However, just as it is inefficient to have judges engage in "micro-management review" to audit lodestar calculations, it is inefficient to have judges closely scrutinize settlement administrator expenses when it is very simple to simply align class counsel's incentives to optimize the level of those expenses. *Wal-mart Stores*, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir. 2005). It would be better for this court to establish a rule for a superior system of attorney compensation, rather than attempting to shrink waste by means of judicial monitoring of cost overruns in the future.

This Court should act as a fiduciary of the Class: in particular, it should require Class Counsel to be paid on the basis of the benefits that go directly to the Class. This practice would have several constructive effects: in particular, it would encourage the settling parties as well as future litigants to resist the temptation to rack up large settlement administration expenses that are ultimately paid by the class. Notably, in this case, expenses have apparently swallowed up approximately 23% of the entire settlement, although a survey of over 400 settlements referenced in *Wells Fargo* demonstrates that the typical range of administrative and litigation expenses as a percentage of recovery in class action settlements varies from 1.2% to 4.4%. *In re Wells Fargo Securities Litigation,* 157 F.R.D. 467, 474 & n. 2 (N.D. Cal. 1994). While intervening inflation would justify a slightly higher rate of expenditure for administrative costs, that would not explain a cost figure that seems to be 5 to 19 times what they

6

typically are; lack of incentive to streamline settlement administration expenses has no doubt played some role in this.

If the Court approves the settlement, the attorney fee award should be a reasonable percentage of no more than $1,218,000.00 of benefits actually going to the Class.

Dated:  November 27, 2011                            Respectfully submitted,


                                                      /s/ Sam P. Cannata
                                                     Sam P. Cannata

**CERTIFICATE OF SERVICE**

I certify that on November 27, 2011, I served the above and foregoing *Supplemental Objections Pursuant to Plaintiffs' Motion & Memorandum in Support of Final Approval of Class action Settlement, and Approval of Attorneys' Fees and Incentive* by causing true and accurate copies of such papers to be filed and transmitted to all attorneys of record in this matter via the Court's CM/ECF electronic filing system.

    /s/ Sam P. Cannata
    Sam P. Cannata