IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re: Kentucky Grilled Chicken Coupon* | ) | |
| *Marketing & Sales Practices Litigation*, | ) | |
| | ) | No. 09 C 7670 |
| | ) | MDL 2103 |
| THIS DOCUMENT RELATES TO | ) | |
| ALL CLASS ACTIONS | ) | |

FINAL APPROVAL OF CLASS CERTIFICATION

JAMES F. HOLDERMAN, Chief Judge:

On February 4, 2010, plaintiffs Christine Doering, James Asanuma, Veronica Mora, Kay Ready, and Daleen Brown (collectively "Plaintiffs"), on behalf of themselves and a purported nationwide class of over five million individuals, filed a "Master Consolidated Class Action Complaint" in this multidistrict class action lawsuit against defendants KFC Corporation ("KFC") and Yum! Brands, Inc. ("Yum!") (together "Defendants"). (Dkt. No. 18 ("Master Complaint").) In short, Plaintiffs allege that Defendants failed to honor a coupon offer for a free "Kentucky Grilled Chicken" ("KGC") meal in early May 2009. Plaintiffs' allegations regarding Defendants' May 2009 free product giveaway include claims for breach of contract (Count I), common law fraud (Count VI), and violations of the consumer protection statutes of Illinois, Michigan, and California (Counts II-V & VII).

On August 16, 2011, pursuant to Federal Rule of Civil Procedure 23(b)(3), this court preliminarily approved certification of the following class for settlement purposes only:

All persons who:

(a) downloaded an Original or PDF Coupon between May 5, 2009 at 9 a.m. central time and May 6, 2009 at 11:59 p.m. central time from Oprah.com or unthinkfc.com, and

      (b)      did not receive

              (i)      the KGC Free Meal pursuant to the Original Coupon, the PDF Coupon, or the Raincheck Coupon,

              (ii)     a "Chicken Check" or other compensation from KFC in response to a complaint concerning the Oprah Promotion, or

              (iii)    a free meal or other consideration at a restaurant unaffiliated with Defendants that agreed to accept the KGC Coupons.

(Dkt. No. 102 ("Preliminary Approval Order") ¶ 3.)[1]

Class member Jill K. Cannata ("Cannata") has objected to the certification of a nationwide class in this case, on the grounds that predominance is "unattainable" because each of the fifty states "provides different remedies for consumer protection statutes." (Dkt. No. 104 ("Cannata Objs.") at 3.) Pursuant to Rule 23(c), this court may alter or amend its order granting class certification at any time "before final judgment." Fed. R. Civ. P. 23(c)(1)(C). For the reasons set forth below, Cannata's objections to the court's August 16, 2011 preliminary class certification approval for settlement purposes are denied. The class as preliminarily approved is approved in final for the purposes of settlement of this litigation.

## LEGAL STANDARDS

The Supreme Court has made clear that a court assessing the propriety of a proposed settlement-only class certification has a "heightened" duty to protect against "unwarranted or overbroad class definitions." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). As a general matter, Rule 23(a) and Rule 23(b) together serve to "focus court attention on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of

---

[1] All capitalized terms given the same meaning as set forth in the parties' "Stipulation of Class Action Settlement, as Amended." (Dkt. No. 108-1 ("Settlement Agreement").)

class representatives." *Id.* at 621. "That dominant concern persists when settlement, rather than trial, is proposed." *Id.*; *accord Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 858 (1999).

Rule 23(a) sets forth four specific requirements for maintaining a class action lawsuit:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). In addition to satisfying the requirements of Rule 23(a), a proposed class must also satisfy one of the categories set forth in Rule 23(b). *Amchem*, 521 U.S. at 624. Here, the parties have elected to proceed under Rule 23(b)(3), which states:

A class action may be maintained if Rule 23(a) is satisfied and if . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).[2] The purpose of the Rule 23(b)(3) predominance inquiry is to test

---

[2] The court need not consider case management difficulties when assessing the propriety of a proposed settlement-only class certification, "for the proposal is that there be no trial."

3

"whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.

## ANALYSIS

It is undisputed that the settlement class in this case meets the numerosity requirement of Rule 23(a)(1). For the reasons set forth below, the court also finds that common questions of law or fact predominate over any questions affecting only individual members, such that the commonality, typicality, and adequacy of representation requirements of Rule 23(a)(2)-(4) are satisfied, as well as the predominance requirement of Rule 23(b).

Cannata has set forth two main arguments against class certification: (1) that "predominance is unattainable" and (2) that "there is an intra-class conflict of interest that renders Class Counsel, as well as the class representatives, inadequate." (Cannata Objs. at 3-4.) Both of these arguments are based on Cannata's contention that the consumer protection laws in each of the fifty states "are considerably different," and that "applying the various consumer laws of each state will result in different benefits to class members of each state." (*Id.* at 3-4.) Cannata cites no specific examples of applicable state statutes in support of her objections; rather, she suggests only that "Reliance, Choice of Law, Consumer Protection, Fraud, Eligibility to Maintain Class Actions, and Sceinter of Defendants . . . undercut[ ] a finding of predominance on legal issues." (*Id.* at 5.) At her most specific, Cannata contends—again, without any citation—that "the reliance issue is irrelevant to Settlement Class members from states not requiring a showing of reliance to make out a claim for consumer fraud [such as in Kansas, New Jersey, and Arizona laws], while reliance is of the essence to those Class members who took the

---

*Amchem*, 521 U.S. at 620.

KFC Coupon deal in reliance states [such as in Georgia and Pennsylvania laws]." (*Id.* at 5 (bracketed material in original).)[3]

Cannata does not acknowledge the fact that the current claims set forth in the Master Complaint are based on only three state's consumer protection statutes: Illinois, Michigan, and California. As Judge Zagel noted, when examining the consumer fraud statutes of several states, among them Illinois, Michigan, and California, in *Saltzman v. Pella Corporation*, each of these states requires "some form of causation and/or reliance" in support of a valid statutory fraud claim. 257 F.R.D. 471, 484 n.12 (N.D. Ill. 2009). Cannata has identified no material differences among these states' consumer protection laws and makes no specific arguments based on any state's statutory requirements. On the other hand, it is undisputed that the preliminarily approved settlement class is nationwide in scope and would function to extinguish any recovery based on other states' statutory fraud laws. The court therefore analyzes Cannata's objections as though the consumer fraud claims at issue in this case are based on the laws of all fifty states.

The court disagrees with Cannata's argument that there is an insurmountable intra-class conflict present in this case, an issue that goes to the adequacy of Plaintiffs and their counsel in representing the class. *Spano v. Boeing Co.*, 633 F.3d 574, 586-87 (7th Cir. 2011). This case is not like *Amchem*, where the proposed class included both present and future claimants. *See Amchem*, 521 U.S. at 626 (concluding that "the interests of those within the single class are not aligned"). Here, all class members seek immediate relief for injuries allegedly already sustained. Nor is this case like *Ortiz*, where the proposed class included some plaintiffs whose claims

---

[3] This appears to be an unattributed quote from *In re: Grand Theft Auto Video Game Consumer Litigation*, 251 F.R.D. 139, 159-60 (S.D.N.Y. 2008), which itself does include citations to the relevant state statutes.

5

accrued before an underlying insurance fund had expired and others whose claims accrued at a later date. *See Ortiz*, 527 U.S. at 857 (noting the presence of "disparate interests within the certified class"). There is no suggestion that any such limited or contested funds are at issue in the case pending before this court.

The only potential intra-class conflict specifically identified by Cannata is her contention that class members from different states will have claims of "varying strength or merit." (Cannata Objs. 4 (misattributed as quotation from *Ortiz*).) One problem with this argument, however, is that it fails to take into account the breach of contract claim shared by all class members. Plaintiffs' incentive to litigate, or to settle, the breach of contract claim on behalf of the class is simply not affected by differences among state consumer protection statutes. Additionally, Cannata has not explained how the "varying strength or merit" of the respective class members' consumer protection claims vitiates Plaintiffs' ability to fairly represent the class as a whole. Rule 23 requires that "the class representative must, at a meaningful level of detail, stand in the same position as the absentee members of the class." *Spano*, 633 F.3d at 591. The "dominant concern" before this court is "whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives." *Amchem*, 521 U.S. at 621. In light of the shared concerns and common elements addressed by the various consumer protection statutes at issue, as well as the class members' shared breach of contract claim, the court finds that "the differences in state remedies and damages are not sufficiently substantial to cause a conflict and warrant the creation of subclasses." *Hartless v. Clorox Co.*, 273 F.R.D. 630, 638 (S.D. Cal. 2011); *see also In re: Warfarin Sodium Antitrust Litigation*, 391 F.3d 516, 532 (3d Cir. 2004) (finding no intra-class conflict where all class members "shared the same goal of

establishing the liability of [defendant], suffered the same injury . . . , and sought essentially the same damages").

The court is likewise not persuaded by Cannata's argument regarding the issues of predominance. Even accepting Cannata's contention that only some states' consumer protection statutes require the additional element of reliance, it is nevertheless clear that common questions of law or fact still predominate in this case. Common questions of law or fact potentially relevant to Plaintiffs' breach of contract claim include: the material terms of Defendants' Original Coupon offer; Defendants' general communications with consumers regarding the Original Coupon offer; whether a valid contract was formed when class members downloaded the Original Coupon (or PDF Coupon); whether Defendants' refusal to honor the Original Coupon (or PDF Coupon) constituted a breach of contract; whether Defendants adequately cured any breach by offering the Raincheck Coupon; the material terms of Defendants' Raincheck Coupon offer; Defendants' general communications with consumers regarding the Raincheck Coupon offer; and appropriate damages, if any. Common questions of law or fact potentially relevant to Plaintiffs' common law fraud claim and statutory fraud claims include: Defendants' intent to honor the Original Coupon; the availability of Kentucky Grilled Chicken for purchase during the relevant time period; and Defendants' general communications with consumers regarding the availability of Kentucky Grilled Chicken for purchase during the relevant time period. The court recognizes that there are likely some unique questions of fact relevant only to some individual class members, such as any specific representations made in person at the time of a particular class member's attempted redemption. Cannata has also identified at least one question of fact that is relevant only to those class members whose state consumer fraud statutes

require proof of reliance. As Plaintiffs note in response to Cannata's objections, however, this case involves a "form contract," based on a "common offer," that was repudiated through a "standardized" refusal to honor the Original Coupon, all of which was generally "communicated to the class in precisely the same manner." (Dkt. No. 108 ("Pls.' Mot. & Mem. in Support") at 29, 32.) The type or degree of reliance at issue with respect to class members' consumer fraud claims is therefore limited in nature and not subject to substantial variation among individual class members. *Compare McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 225 (2d Cir. 2008) (concluding that "reliance is too individualized to admit of common proof" because "each plaintiff in this case could have elected to purchase light cigarettes for any number of reasons"). Against this backdrop, the court finds that common questions of law or fact predominate in this case. *See also Amchem*, 521 U.S. at 625 ("Predominance is a test readily met in certain cases alleging consumer or securities fraud . . . ."); *In re: Warfarin Sodium Antitrust Litigation*, 391 F.3d at 530 ("the fact that there may be variations in the rights and remedies available to injured class members under the various laws of the fifty states in this matter does not defeat commonality and predominance").

The court further finds that Plaintiffs' claims are typical of the class, because the claims have arisen out of the same alleged wrongful conduct of Defendants and rely on the same general legal theories for relief.

Finally, the court concludes that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between Plaintiffs and Defendants. This court is not aware of any additional litigation against KFC or Yum! being prosecuted in a different forum by any persons within the settlement class, or of any person within the settlement class

who desires to prosecute a separate action against KFC or Yum! with regard to the May 2009 giveaway promotion.[4] In light of the low value of any anticipated individual recovery, separate lawsuits against Defendants would be unlikely to serve as an economically feasible route to relief. Finally, this court is familiar with the claims and defenses at issue in this case, such that proceeding with the preliminarily certified settlement class in this forum is not only appropriate, but is the superior procedure to resolve this case for the benefit of all persons within the preliminarily certified settlement class.

## CONCLUSION

For the reasons set forth above, this court rejects Jill K. Cannata's objection (Dkt. No. 104) to the defined class certified by this court on August 16, 2011, and hereby issues this final approval of class certification.

ENTER:

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: November 30, 2011

---

[4] Plaintiffs have informed the court that two potential class members have asked to be excluded from the class. The court is not aware of any litigation currently being pursued by either individual against Defendants, or of the excluded class members' intent to file any claims against Defendants in the future.