**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| *In re Kentucky Grilled Chicken Coupon Marketing & Sales Practices Litigation,* <br><br> THIS DOCUMENT RELATES TO ALL CLASS ACTIONS | MDL 2103 <br><br> Case No. 1:09-cv-7670 <br><br> Hon. James F. Holderman |

**FINAL JUDGMENT ORDER**

The Court, having considered Plaintiffs' Motion and Memorandum in Support of Final Approval of Class Action Settlement and Approval of Attorneys' Fees and Incentive Awards (the "Motion") of the settlement (the "Settlement") of the above-captioned case ("the Litigation") with KFC Corporation ("KFC") and YUM! Brands, Inc. ("YUM!") (collectively, "Defendants" ) pursuant to the Settlement Agreement, As Amended, between Plaintiffs James Asanuma, Daleen Brown, Christine Doering, Veronica Mora, and Kay Ready (collectively, the "Plaintiffs") and Defendants (the "Settlement Agreement"), having considered all of the submissions and arguments with respect to the Motion, and having held a Fairness Hearing on November 30, 2011, due and adequate notice having been given to the Settlement Class, and the Court having been fully advised in the premises, **it is HEREBY ORDERED, ADJUDGED and DECREED as follows**:

1. Unless defined herein, all capitalized terms in this Order shall have the respective meanings as the same terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this Litigation and over all Parties to the Litigation, including all Settlement Class members.

3. On August 16, 2011, this Court granted preliminary approval of the Settlement Agreement and certified the Settlement Class consisting of:

> all persons who (a) downloaded an Original or PDF Coupon between May 5, 2009 at 9 a.m. central time and May 6, 2009 at 11:59 p.m. central time from Oprah.com or unthinkfc.com, and (b) did not receive (i) the KGC Free Meal pursuant to the Original Coupon, the PDF Coupon, or the Raincheck Coupon, (ii) a "Chicken Check" or other compensation from KFC in response to a complaint concerning the Oprah Promotion, or (iii) a free meal or other consideration at a restaurant unaffiliated with Defendants that agreed to accept the KGC Coupons.

(the "Preliminary Approval Order"). Excluded from the Settlement Class are those persons who have submitted valid and timely requests for exclusion pursuant to the Preliminary Approval Order and the Notice to the Settlement Class. Valid and timely requests for exclusion were received from Tim Brown and Ed Klar, as noted by the Settlement Adminstrator. Mr. Brown and Mr. Klar are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order, and are not bound by this Judgment or the Release herein.

4 Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order, and the substance of and dissemination program for the Notice fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted the best notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the settlement of this Litigation.

5. The Defendants properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005

("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendants' notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

6. The Settlement Agreement was arrived at as a result of arm's-length negotiations conducted in good faith by counsel for the parties, including two settlement conferences presided over by a Magistrate Judge of this Court, and is supported by Plaintiffs and Class Counsel.

7. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

8. The settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, considering the facts and circumstances of the numerous types of claims and affirmative defenses asserted in the Litigation, and the potential risks and likelihood of success of alternatively pursuing trials on the merits.

9. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, for the reasons set forth herein and in the "Final Approval of Class Action Settlement" issued by the Court on November 30, 2011 [Dkt. 113] (the "Final Approval Order"). The Plaintiffs and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement

Agreement. Accordingly, the Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Parties and Settlement Class members who did not timely exclude themselves from the Settlement Class are bound by the terms and conditions of the Settlement Agreement.

    10.    The Settlement Class described in Paragraph 3 above is hereby finally certified, solely for purposes of effectuating the Settlement and this Order.

    11.    The requirements of Rule 23(a) and (b)(3) have been satisfied for settlement purposes, for the reasons set forth herein and in the for the reasons set forth herein and in the "Final Approval of Class Certifiation" issued by the Court on November 30, 2011 [Dkt. 112] (the "Final Class Certification Order"). The Settlement Class is so numerous that joinder of all members is impracticable; there are at least some questions of law or fact common to the class; the claims of the Plaintiffs are typical of the claims of the Settlement Class; the Plaintiffs will fairly and adequately protect the interests of the class; the questions of law or fact common to class members predominate over any questions affecting only individual members; and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy between Plaintiffs and Defendants.

    12.    The preliminary appointment of the following as Class Counsel is hereby confirmed:

    Jay Edelson
    Michael J. McMorrow
    Edelson McGuire LLC
    350 North LaSalle

Suite 1300

Chicago, IL 60654

1.

The preliminary appointment of the following as Plaintiffs' Steering Committee is hereby confirmed:

> Seth Safier
> Adam Gutride
> Gutride Safier, LLP
> 835 Douglass Street
> San Francisco, CA 94114
>
> David C. Parisi,
> Parisi & Havens LLP
> 15233 Valleyheart Drive
> Sherman Oaks, CA 91403
>
> Mark H. Freedman
> Law Offices of Freedman & Freedman, PLC
> 24725 West Twelve Mile Road
> Suite 220
> Southfield, MI 48034

Class Counsel and Plaintiffs' Steering Committee are experienced in class litigation, including litigation of similar claims in other cases, and have fairly and adequately represented the interests of the Settlement Class in the Litigation and the Settlement Agreement.

13. The Litigation is hereby dismissed without costs or fees, except as otherwise provided in the Settlement Agreement and this Order. This judgment has been entered without any admission by Defendants as to the merits of any of the allegations in the complaint.

14. The Parties are directed to distribute the consideration to the Settlement Class pursuant to Paragraph 5 of the Settlement Agreement.

15. The Releasing Parties and their Affiliated Parties release and forever discharge the Released Parties and their Affiliated Parties from the Released Claims.

A. As used in this Order, the "Releasing Parties" shall mean Plaintiffs and each Settlement Class member (except a person who has obtained proper and timely exclusion from the Settlement Class pursuant to Paragraph 13 of the Settlement Agreement), on her/his own behalf and on behalf of her/his spouse.

B. As used in this Order, the "Released Parties" shall mean (i) KFC and YUM!; (ii) any KFC franchisee or the National Council and Advertising Cooperative, Inc. ("NCAC"); (iii) any person or entity in the chain of distribution of any goods or services for YUM!, KFC, or KFC franchisees, including but not limited to the Unified FoodService Purchasing Co-Op, LLC ("UFPC"), suppliers, and distributors; and (iv) any person or entity connected in any way, directly or indirectly, with the Oprah Promotion, the KGC Free Meal, the KGC Coupons, or the sales, marketing, or advertising of Kentucky Grilled Chicken®, including but not limited to Ms. Oprah Winfrey, Harpo Productions, Inc., The Oprah Winfrey Show, Draft FCB, Coupons, Inc., Gomez, Rackspace, and Fulfillment Concepts, Inc.

C. As used in this Order, the "Affiliated Parties" shall mean

(i) In the case of a natural person, her/his current or former spouse, children, or any relative who may claim an interest in the Released Claims, as well as the present, former, and future respective administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest, and successors of any of the foregoing.

6

        (ii)    In the case of an entity such as a partnership, corporation, or limited liability company, its present, former, and future direct and indirect parent companies, affiliates, agents, divisions, predecessors-in-interest, subsidiaries, and successors and all of the aforementioneds' respective present, former, and future officers, directors, partners, employees, shareholders, members, agents, assigns, and attorneys.

    D.    As used in this Order, the "Released Claims" shall mean any and all rights, duties, obligations, claims, actions, causes of action, or liabilities, whether arising under local, state, or federal law, whether by statute, contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that arise out of or relate in any way to: (i) claims that were or could have been asserted in the Litigation; (ii) the Oprah Promotion, the KGC Free Meal, or the KGC Coupons, or any representation, misrepresentation, promise, communication, act, or omission regarding the same; (iii) any matters alleged, argued, raised, or asserted in any pleading or court filing in the Underlying Actions or the Litigation; or (iv) any representation, misrepresentation, promises, communication, act, or omission regarding the topical seasonings for Kentucky Grilled Chicken®.

    16.    The release in Paragraph 15 includes claims that are currently unknown to the Releasing Parties. The release in this Order and the Settlement Agreement fully, finally, and forever discharges all Released Claims, whether now asserted or unasserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. Each Releasing Party shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the

United States, any state or territory of the United States, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. The Releasing Parties understand and acknowledge that they may hereafter discover facts in addition to or different from those that are currently known or believed to be true with respect to the subject matter of this release, but have agreed that they have taken that possibility into account in reaching this Settlement Agreement and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Releasing Parties expressly assume the risk, they fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, to the fullest extent not prohibited by law, by Plaintiffs, the Settlement Class members, and all Releasing Parties, of any and all rights under California Civil Code Section 1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

In addition, Plaintiffs, Settlement Class members, and all Releasing Parties also expressly waive any and all provisions, rights, and benefits conferred by any law or principle of common law or equity, that are similar, comparable, or equivalent, in whole or in part, to California Civil Code Section 1542.

       17.    Plaintiffs, Settlement Class members, and the Releasing Parties are permanently enjoined and barred from commencing or prosecuting any action asserting any of

the Released Claims, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency, or other authority or forum wherever located. Any person or entity who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendants or any other Released Party or their Affiliated Parties as a result of such violation.

18. The Court approves the agreed-upon Fee Award to Class Counsel in the amount of $515,000.00, which the Court finds to be fair and reasonable for the reasons set forth in the Final Approval Order. Defendants shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

19. The Court approves the payment by Defendants of $25,000.00 in the aggregate to the Plaintiffs as an incentive award for taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class. Such payment shall be made by Defendants pursuant to and in the manner provided by the terms of the Settlement Agreement.

20. Without affecting the finality of this judgment, the Court also retains exclusive jurisdiction over Defendants, Plaintiffs, and Settlement Class members regarding the Settlement including without limitation the Settlement Agreement and this Final Judgment Order. Defendants, Plaintiffs, and Settlement Class members are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding, or dispute arising out of or relating to the Released Claims, this Order, or the Settlement Agreement, including but not limited to the applicability of the Released Claims, the Settlement Agreement, or this Order.

21. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of the Settlement

Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Litigation, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of Defendants. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Litigation without prejudice. This dismissal without prejudice shall not allow the Parties or any members of the Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims, but is "without prejudice" so as to allow the Court to supervise the implementation and administration of the Settlement.

22. For the reasons set forth in the Final Approval Order and the Final Class Certification Order, the objection of Jill K. Cannata is overruled in its entirety.

23. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Rule 54(b).

BY THE COURT:

Dated: December 6, 2011        _____

                                             The Honorable James F. Holderman
                                             Chief Judge, United States District Court